Larry D. COLLINS, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 93–SC–862–KB.

Supreme Court of Kentucky.

Nov. 24, 1993.

Bennett Bayer, Lexington, for movant.

Barbara S. Rea, Kentucky Bar Ass'n, Frankfort, for respondent.

## OPINION AND ORDER

Movant, Larry D. Collins, moves this Court, pursuant to SCR 3.480(3), for permission to resign from the Kentucky Bar Association under terms of disbarment. Movant's verified petition recites that the grounds therefor concern his engagement in unethical and unprofessional conduct.

Movant was arrested November 22, 1992, by Kentucky State Police acting on information received from a confidential informant that Movant, while a duly elected Circuit Judge of the Forty-seventh Judicial Circuit, had on five separate occasions accepted money or marijuana in return for his promise to assist the informant to avoid arrest or conviction. Movant cooperated with law enforcement officers and gave a statement. On February 1, 1993, he resigned as Circuit Judge.

As a result of Movant's indictment by the Letcher County Grand Jury for five counts of bribery of a public servant, a class D felony, the Inquiry Tribunal of the Kentucky Bar Association charged Movant with two counts of professional misconduct in violation of SCR 3.130–8.3(b). SCR 3.130–8.3(b) provides that it is professional misconduct for an attorney to commit a criminal act which reflects adversely upon his honesty, trustworthiness or fitness as a lawyer. The charge against Movant was held in abeyance by order of the Inquiry Tribunal pursuant to SCR 3.180(2) pending resolution of the indictment.

Movant entered a plea of guilty to one count of the indictment and acknowledged that he committed a felony offense in violation of KRS 521.020(a)(b) by accepting money or property in return for a promise to exercise his discretion to affect the disposition of a matter for which he had official judicial responsibility. Movant is awaiting sentencing. Movant further acknowledged that his commission of a felony as charged in the indictment is professional misconduct in violation of SCR 3.130–8.3(b).

Movant has requested that he be permitted to resign from the practice of law under terms of disbarment and that professional disciplinary proceedings against his be terminated. Respondent has no objection to the terms of the motion.

As disbarment is appropriate and necessary under the circumstances, and in the absence of objection by the Kentucky Bar Association, IT IS HEREBY ORDERED THAT the motion of Larry D. Collins to resign from the Kentucky Bar Association under terms of disbarment is granted.

IT IS FURTHER ORDERED that:

1. Movant shall not be permitted to engage in the practice of law as defined in SCR 3.020 in the Commonwealth of Kentucky until such time as this Court enters an order reinstating his membership in the Kentucky Bar Association.

2. Movant shall not file an application for reinstatement for a period of five years after entry of this order.

3. Any application for reinstatement filed by the Movant shall be governed by SCR 3.520, "Reinstatement in Cases of Disbarment," or any subsequent amendment to SCR 3.520. Any investigation or other disciplinary proceeding initiated by the Inquiry Tribunal shall be terminated with the Movant to pay all costs in accordance with SCR 3.450(1) and SCR 3.480(3) in the amount of $90.08 as certified by the Director of the KBA.

4. Movant shall comply with the provisions of SCR 3.390 by promptly notifying all courts in which he has matters pending and all clients for whom is actively involved in litigation and other similar matters of his

inability to continue to represent them, and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States Mail within ten (10) days of the entry of this order, and Movant shall simultaneously provide a copy of all such letters to the Director of the Kentucky Bar Association. Movant shall promptly return all active files to his clients.

All concur.

ENTERED: November 24, 1993.

/s/ Robert F. Stephens
Chief Justice